USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUN HO,

    Plaintiff,

-against-

SHANA NAILS INC., *et al.*,

    Defendants.

19-CV-3997 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' Joint Motion for Settlement dated November 1 and filed December 5, 2019 (Dkt. No. 24), seeking approval of their fully-executed Settlement Agreement and General Release of Claims (Agreement) (Dkt. No. 24-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Shana Nails Inc. d/b/a Shana's Nail & Spa (Shana Nails) and Bong Jun Choi to pay plaintiff Yun Ho $31,000, in full settlement of plaintiff's claims, including wage claims brought pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. at 2. Of this amount, $11,135.33 will be paid to plaintiff's counsel in attorney's fees and costs, leaving $19,864.67 for plaintiff himself. *Id.*; *see also* Joint Mot. at 2. The settlement consideration will be paid in five installments, with the attorney's fees and costs paid proportionally out of each of the last four installments. Ag. ¶ 1(a)-(c).

    The Agreement includes a one-way release, limited to wage and hour claims, whereby plaintiff "releases Defendants from any and all claims or causes of action that Plaintiff may have as of the effective date of this agreement arising from Plaintiff's employment with Defendants." Ag. ¶ 5. The Agreement also includes a separate, bilateral release by which both plaintiff and defendants agree that they will not bring or join any "claim, action, or lawsuit" brought against the other with respect to plaintiff's employment with defendants. Ag. ¶ 8.

The Agreement does not contain a confidentiality clause, nor a non-disparagement provision. There is a severability clause, which permits the Court to reform or discard any provision found to be unenforceable without affecting the validity of the remaining provisions. Ag. ¶ 17.

The non-economic terms of the Agreement are fair and reasonable as required by *Cheeks*, 796 F.3d at 206. As to the economic terms, they are also fair and reasonable, with the exception of the attorney's fee award. Plaintiff worked for defendants as a massage therapist from August 2015 through March 19, 2018. Compl. (Dkt. No. 1) ¶¶ 16-17, 30. Plaintiff represents that his "range of possible recovery is $30,000.00-$50,000.00 based upon Plaintiff's regular and overtime hours worked, spread of hours pay under the [NYLL], unpaid base and overtime pay earned, wage notice and wage statement penalties, liquated damages under the NYLL, and prejudgment interest under the NYLL." Joint Mot. at 1. The settlement amount is within this range and represents a reasonable compromise given the litigation risks and the costs of moving forward with the claims. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The attorney's fee award, however, is too high. Under the Agreement, plaintiff's attorney, Mark L. Lubelsky, will receive $11,135.33, of which $802 will reimburse him for costs, leaving $10,333.33 for his fee award. That sum represents slightly more than 34% of the net settlement amount of $30,198 (gross settlement payment less costs), which is higher than the range ordinarily approved in this district. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("attorneys' fees, when awarded

on a percentage basis, are to be awarded based on the settlement net of costs"). Moreover, nothing in counsel's time records, would justify an above-range award in this relatively straightforward, single-plaintiff wage and hour action.[1] Accordingly, the attorney's fee provision is unenforceable as written. Paragraphs 1((b)-(c) of the Agreement are hereby modified, pursuant to ¶ 17 thereof, to reduce the total award to counsel to $10,868.00 (representing one third of the *net* settlement plus costs), payable at the rate of $2717 out of each of the last four settlement installments, with the balance going to plaintiff.

As so modified, the Court finds the Agreement fair and reasonable, as required by *Cheeks*, 796 F.3d 199. It is hereby ORDERED that this action is DISMISSED with prejudice and without costs. The Clerk of the Court is respectfully directed to close the case.

Dated: New York, New York
December 16, 2019

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] Counsel's time records show that attorney Lubelsky spent 27.90 hours on this case, most of it related to pre-filing correspondence, drafting the complaint, and settlement negotiations. Joint Mot. Ex. A. No motion practice or discovery took place. *Id*. At Lubelsky's claimed hourly rate of $575, his lodestar would be $16,855.50. *Id*. However, "numerous courts in New York City 'have determined . . . that a fee ranging from $250 to $450 [per hour] is appropriate for experienced litigators in wage-and-hour cases.'" *Hernandez v. Boucherie LLC*, 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014), and collecting cases). At the midpoint of this range ($350 per hour), Lubelsky's lodestar would be $9765. While a contingency-fee attorney may properly seek a percentage-of-the-fund award in excess of his lodestar, *see generally Pinguil v. We are all Frank, Inc.*, 2018 WL 2538218, at *4-5 (S.D.N.Y. May 21, 2018), the Court sees no reason to award more than the usual percentage here.